1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7    NATOMA MEADOWS HOMEOWNERS           No. 2:15-cv-01658-GEB-DAD
     ASSOCIATION,
8
               Plaintiff,
9                                        ***SUA SPONTE* REMAND ORDER**[*]
          v.
10
     LELAND CLARK, and DOES 1 to
11   10, inclusive,

12             Defendants.

13

14        On August 4, 2015, Defendant, *in pro per*, filed a

15   Notice of Removal removing this unlawful detainer action from the

16   Superior Court of California for the County of Sacramento.

17   (Notice of Removal ("NOR") ¶ 1, ECF No. 1.) For the following

18   reasons, the Court *sua sponte* remands this case to the Superior

19   Court of California for the County of Sacramento for lack of

20   subject matter jurisdiction.

21        "There is a 'strong presumption against removal

22   jurisdiction,' and the removing party has the burden of

23   establishing that removal is proper." Lindley Contours, LLC v.

24   AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011)

25   (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

26   "If at any time before final judgment it appears that the

27   _____

     [*]   The undersigned judge revokes any actual or anticipated referral to a
28   Magistrate Judge for the purposes of Findings and Recommendations in this
     case.

                                      1

1   district court lacks subject matter jurisdiction, the case shall

2   be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must -

3   remand an action *sua sponte* if it determines that it lacks

4   subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985

5   MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012)

6   (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.,

7   346 F.3d 1190, 1192 (9th Cir. 2003)).

8         Defendant alleges in the Notice of Removal that federal

9   question jurisdiction justifies removal. (NOR ¶ 3.) Specifically,

10   Defendant contends:

11         Plaintiff's claim is based upon a notice
          which expressly references and incorporates
12         the "Protecting Tenants at Foreclosure Act of
          2009," 12 U.S.C. § 5201. Further, this
13         statute is drawn in controversy in this
          action because the federal statute provides
14         for a ninety (90) day notice period prior to
          the filing of any state eviction proceeding;
15         Defendant asserts and alleges that Plaintiff
          did not allow the ninety day period to lapse
16         before filing his claim.

17   (Id. at ¶ 7.)

18         However, review of the Complaint reveals Plaintiff

19   alleges "one [claim] . . . for unlawful detainer under state law,

20   and under the well-pleaded complaint rule, a defendant's claims

21   or defenses may not serve as a basis for removal." Polymatic

22   Props., Inc. v. Mack, No. 2:12-cv-2848-LKK-EFB PS, 2012 WL

23   5932618, at *1 (E.D. Cal. Nov. 27, 2012) (citing Takeda v. Nw.

24   Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985); see also

25   Deutsche Bank Nat'l Trust Co. v. Ghosal, No. 14cv2582-GPC(WVG),

26   2014 WL 5587199, at *2 (S.D. Cal. Nov. 3, 2014) (remanding

27   unlawful detainer action *sua sponte*). Therefore, Defendant has

28   not shown the existence of federal question removal jurisdiction.

1          For the stated reasons, this case is remanded to the

2     Superior Court of California for the County of Sacramento.

3     Dated:  August 4, 2015

4

5                                    _____

6                                    GARLAND E. BURRELL, JR.
                                     Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28